UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
ALEXANDER RAMIREZ,

                Plaintiff,

      -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Civ. 9539 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Alexander Ramirez, *pro se*, brings this action under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of the final determination by the Commissioner of Social Security that he is ineligible for supplemental security income ("SSI") benefits. (Compl., ECF No. 2, ¶¶ 1–2.) On June 12, 2017, the Commissioner moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (*See* Mot. for J. on the Pleadings, ECF No. 18.) Plaintiff's response to the Commissioner's motion was due on August 11, 2017. (*See* Scheduling Order, ECF No. 17, at 1.) After Plaintiff failed to file a timely response to the Commissioner's motion, Magistrate Judge Barbara C. Moses *sua sponte* extended the time for Plaintiff to respond through November 2, 2017. (*See* Order dated October 2, 2017, ECF No. 21, at 1.) Again, however, Plaintiff failed to file a response to the Commissioner's motion.

Before this Court is Magistrate Judge Moses's March 1, 2018 Report and Recommendation ("Report," ECF No. 22), recommending that the Commissioner's unopposed motion for judgment on the pleadings be granted.[1] (*Id.* at 27.) Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

at 27–28.) To date, no objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARDS

### A. Report and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. The Social Security Act

This Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). This Court may set aside a decision by the Commissioner only if it is based upon legal error or not otherwise supported by substantial evidence. *Newsome v. Astrue*, 817 F. Supp. 2d 111, 124 (E.D.N.Y. 2011). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation and quotation marks omitted). As the Second Circuit has held, the substantial evidence standard is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir.

2012). Accordingly, once the administrative law judge ("ALJ") finds facts, they may be rejected "only if a reasonable factfinder would *have to conclude otherwise.*" *Id.* (citation omitted).

An individual is considered "disabled," and thus eligible for SSI benefits, when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the individual's "physical or mental impairments [must be] of such severity that he . . . cannot, considering his age, education, and work experience, engage in any . . . kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

The Commissioner's regulations outline a five-step sequential framework to guide the presiding ALJ in evaluating claims for benefits under the Social Security Act. *See* 20 C.F.R. § 416.920. The Second Circuit has described the five-step sequence as follows:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, app 1. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity ["RFC"] to perform her past work. Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

*Jasinski v. Barnhart*, 341 F.3d 182, 183–84 (2d Cir. 2003) (citation omitted).

The claimant bears the burden of proof at the first four steps of the analysis. *Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999). If he can demonstrate that he is disabled and that his severe, medically determinable impairments prevent him from performing his past work, "the burden shifts to the Commissioner to show there is other gainful work in the national economy which the claimant could perform." *Id.* (citation omitted). To support a finding at step five, the

3

Commissioner must show that other work exists in significant numbers in the national economy that the claimant can perform given his RFC, age, education, and past work experience. 20 C.F.R. § 404.1560(c)(2); *Ramos v. Comm'r of Soc. Sec.*, No. 13-CV-6561 AJN, 2015 WL 708546, at *14 (S.D.N.Y. Feb. 4, 2015).

## II. THE ALJ'S DENIAL OF BENEFITS IS SUPPORTED BY SUBSTANTIAL EVIDENCE

When Plaintiff filed his application for SSI benefits on August 12, 2013, he identified his physical impairments as Hepatitis C, hypertension, and pain in his lower back and heel. (Report at 2.) He also claimed that he suffered from mental impairments, including panic disorder, bipolar disorder, and depression. (*Id.*) A subsequent addendum to his application stated that Plaintiff had been diagnosed with schizophrenia and that, at the time, he was taking a variety of psychotropic medications, including Seroquel (an anti-psychotic) and Xanax (for anxiety). (*Id.*) On May 19, 2015, Plaintiff and his attorney appeared by video for a hearing before an ALJ. (*Id.* at 3.) Plaintiff testified at the hearing, as did a vocational expert. (*Id.*; *see also* Administrative Record ("AR"), ECF No. 13, at 33–55.)

In a written decision issued on June 9, 2015, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and therefore not entitled to SSI benefits. (Report at 19.) The ALJ found that even if Plaintiff was unable to perform his past work as a result of his medically determinable impairments, the Commissioner met her burden of establishing that Plaintiff was capable of adjusting to perform other work that existed in significant numbers in the national economy.[2] (*Id.*) The ALJ's determination that Plaintiff is not entitled to SSI benefits is supported by substantial evidence.

---

[2] Plaintiff timely requested review of the ALJ's decision, which the Social Security Administration's Appeals Council denied on November 7, 2016, making the ALJ's determination final. (*See* Report at 3.)

4

As the Report notes, Plaintiff's alleged physical impairments were not supported by credible medical evidence and refuted by Plaintiff's own statements that he "walked often, played basketball, and used no assistive devices for ambulation." (*Id.* at 21–22.) With respect to Plaintiff's mental impairments, the ALJ properly accounted for his medically determinable limitations by finding him eligible for work that only involved simple, routine tasks with little co-worker interaction and no interaction with the public. (*See id.* at 22.) In doing so, as the Report correctly found, the ALJ did not err in accepting only some portions of Plaintiff's treating psychiatrist's opinion. (*See id.* at 24–25.) The ALJ provided sufficient reasons for the weight he afforded to that opinion, and the ALJ's determination was supported by other substantial evidence in the record, including the treating psychiatrist's own notes and observations.[3] (*See id.*) Nor did the ALJ err in rejecting as not credible Plaintiff's testimony about his physical and mental impairments. As the Report properly found, the ALJ gave specific reasons for his credibility determination, such as the fact that Plaintiff's claims were inconsistent with the medical records and his own prior statements, including his reports to physicians and testimony that he walked significant distances with no assistive devices. (*Id.* at 26.) Finally, the ALJ appropriately relied on the testimony of the vocational expert in concluding that, given Plaintiff's RFC, age, education, and work experience, he could perform jobs existing in the national economy. (*See id.* at 26–27.)

---

[3] An ALJ must generally afford "special evidentiary weight to the opinion of the [claimant's] treating physician." *Newsome*, 817 F. Supp. 2d at 128 (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)). However, the ALJ need not accept those portions of the treating physician's opinions "that are not consistent with other substantial evidence in the record," *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004), so long as the he provides "good reasons" in his written decision for the weight he affords to the treating physician's opinions. 20 C.F.R. § 416.927(c)(2); *see also Burgess*, 537 F.3d at 129 ("After considering the [relevant factors at 20 C.F.R. § 416.927(c)(2)–(6)], the ALJ must comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.") (internal quotation marks and citation omitted).

Because the ALJ's determination that Plaintiff is not disabled within the meaning of the Social Security Act—and therefore not entitled to SSI benefits—is supported by substantial evidence, the Commissioner is entitled to judgment on the pleadings.

### III. CONCLUSION

Magistrate Judge Moses's Report and Recommendation is adopted and the Commissioner's motion for judgment on the pleadings, (ECF No. 18), is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 18, and this case, accordingly.

Dated: New York, New York
      March 16, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge