UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: NOV 2 1 2019

ALEXANDER RAMIREZ,

                Plaintiff,

  - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:      <u>MEMORANDUM DECISION</u>
:      <u>AND ORDER</u>
:
:      16 Civ. 9539 (GBD) (BCM)
:

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Alexander Ramirez, *pro se*, brought this action under the Social Security Act, 42

U.S.C. §§ 405(g), 1383(c)(3), seeking review of the final determination by the Commissioner of

Social Security that he is ineligible for supplemental security income ("SSI") benefits. (Compl.,

ECF No. 2, ¶ 1.) At all relevant times, Defendant and the Court served Plaintiff with documents

and materials by mail to the address listed in his Complaint.[1] At no point in time did Plaintiff

indicate that service should be effectuated elsewhere or by means other than mail. On January 22,

2019, the Second Circuit mandated this Court to consider whether Plaintiff's motion, titled

"Motion for Extension of Time to File Notice of Appeal" (("Plaintiff's Motion"), ECF No. 25),

can be construed as a motion to reopen the time to appeal and if it meets the requirements of Fed.

R. App. P. 4(a)(6)." (*See* Order of the Second Circuit ("Second Circuit Order"), ECF No. 28;

Mandate of the Second Circuit ("Second Circuit Mandate"), ECF No. 29.) This Court construes

Plaintiff's Motion as a motion to reopen the time to appeal. Plaintiff's Motion is DENIED.

---

[1] Plaintiff listed his address as: 390 East 162nd Street, Apartment 3D, New York, NY 10451. (Compl. at ¶ 2.)

## **FACTUAL AND PROCEDURAL BACKGROUND**

Prior to the date of Plaintiff's Motion, Plaintiff's only activities on the docket were his filing the Complaint on December 6, 2016 and filing an application and an amended application to proceed in forma pauperis on December 6, 2016 and December 28, 2016, respectively. (Appl. to Proceed in District Ct. Without Prepaying Fees or Costs, ECF No. 1; Am. Appl. to Proceed Without Prepaying Fees or Costs, ECF No. 5.)

On June 12, 2017, the Commissioner moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (*See* Notice of Mot., ECF No. 18; *see also* Mem. of Law in Supp. of the Commissioner's Mot. for J. on the Pleadings, ECF No. 19.) Defendant served this motion on Plaintiff by mail on June 12, 2017. (*See* Certificate of Service, ECF No. 20.) Plaintiff's response to the Commissioner's motion was due by August 11, 2017. (*See* Scheduling Order in Social Security Case, ECF No. 17, at 1.) After Plaintiff failed to file a timely response to the Commissioner's motion, Magistrate Judge Barbara C. Moses *sua sponte* extended the time for Plaintiff to respond through November 2, 2017. (*See* Order, ("October 2017 Order"), ECF No. 21, at 1.) The Court mailed to Plaintiff the October 2017 Order on October 3, 2017. Again, however, Plaintiff failed to file a response to the Commissioner's motion.

On March 1, 2018, Magistrate Judge Moses issued a Report and Recommendation, recommending that the Commissioner's unopposed motion for judgment on the pleadings be granted.[2] (*See* R. & R. to the Hon. George B. Daniels ("Report"), ECF No. 22, at 1). Magistrate Judge Moses's March 1, 2018 Report advised the parties that they would "have 14 days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)," and that "[f]ailure to file timely objections will preclude

---

[2] The relevant factual background is set forth in greater detail in the Report and is incorporated herein.

appellate review." (*Id.* at 27–28.) Plaintiff was served with the Report by mail on March 2, 2018. Neither party filed objections. By Memorandum Decision and Order dated March 16, 2018 (Mem. Decision and Order ("March 2018 Order"), ECF No. 23), this Court adopted the Report in full, granting Defendant's motion for judgment on the pleadings and directing the Clerk of Court to close the case. (*Id.* at 6.) The Court mailed a copy of the March 2018 Order to Plaintiff on March 16, 2018. A judgment was processed on March 19, 2018 (March 19, 2018 J. ("March 2018 Judgment"), ECF No. 24), and the court subsequently mailed a copy of the Clerk's Judgment to Plaintiff on March 20, 2018.

On July 10, 2018, more than 18 months after Plaintiff had last participated in the case, Plaintiff filed a motion for extension of time to appeal this Court's March 2018 Order, along with a notice of appeal, stating that he was appealing the March 2018 Judgment and that he had failed to timely appeal because "I Alexander Ramirez am [h]omeless and I get my mail whenever I get a chance." (*See* Plaintiff's Motion; *see also* Notice of Appeal, ECF No. 26.) Notably, in Plaintiff's Motion, Plaintiff listed the same address he had previously listed in his Complaint. (*See* Plaintiff's Motion; *see also* Notice of Appeal.) By Order dated July 12, 2018, this Court granted Plaintiff's Motion for extension of time to appeal. (Order ("July 2018 Order"), ECF No. 27.) Subsequently, the Second Circuit *sua sponte* determined that notice of appeal was untimely filed and that this Court lacked authority to grant Plaintiff's Motion, dismissing the appeal for lack of jurisdiction. The Second Circuit remanded the case, however, directing this Court to "consider whether the Plaintiff's motion can be construed as a motion to reopen the time to appeal and if it meets the requirements of Fed. R. App. P. 4(a)(6)." (*See* Second Circuit Order; Second Circuit Mandate.)

## LEGAL STANDARD

When a party files an untimely motion to extend his or her time to appeal, it is within a district court's discretion whether to construe the motion as a motion to reopen. *See, e.g., Millhouse v. New York State Dep't. of Corr. Servs.*, 439 F. App'x 41, 42–43 (2d Cir. 2011) (finding that the district court properly exercised discretion not to construe a motion as a motion to reopen when it "failed to state any facts that would entitle [the party] to relief under Rule 4(a)(6) and, most importantly, did not allege that he never received the district court's judgment").

Upon construing a motion as a motion to reopen, a court must consider whether the facts pled in the motion are sufficient to meet the requirements under Federal Rule of Appellate Procedure 4(a)(6). Specifically, Rule 4(a)(6) provides that "[t]he district court *may* reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" if three conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added). Rule 77(d) provides, in relevant part, "[i]mmediately after entering an order . . . , the clerk must serve notice of the entry . . . on each party who is not in default for failing to appear. The clerk must record the service on the docket." Fed. R. Civ. P. 77(d). Notably, the Second Circuit has distinguished the phrase "receive notice" within Rule 4(a)(6) from the requirements for service and notice under Rule 77(d), stating that Rule 4(a)(6) "refers to actual receipt, not simply effective service." *In re WorldCom*, 708 F.3d 327, 334–35 (2d Cir. 2013).

4

Courts have held that the word "may" in Rule 4(a)(6) grants the district court discretion and "does not require the district court to grant the relief, even if the requirements are met*." Id.* at 335 (quoting *Matter of Jones*, 970 F.2d 36, 39 (5th Cir. 1992)); *see also id.* at 335 n.45 ("[A]ll indications suggest that Rule 4(a)(6) is discretionary." (citing Fed. R. App. P. 4(a)(6) advisory committee's note to 1991 amendment)); *Zavalidroga v. Cuomo*, 588 F. App'x 61, 62 (2d Cir. 2014) (summary order). The policy behind the notice obligations of Rule 77(d) supports this construction. *See, e.g.*, *Weiming Chen v. Ying-Jeou Ma*, No. 12 Civ. 5232 (NRB), 2014 WL 171172, at *2 (S.D.N.Y. Jan. 10, 2014) (quoting *In re WorldCom*, 708 F.3d at 341) ("Civil Rule 77(d) notice is meant merely for the convenience of litigants and [] litigants at all times have an obligation to monitor the docket sheet to inform themselves of the entry of orders they wish to appeal." (alterations in original)).

Indeed, in determining whether a district court abused its discretion in granting or denying a motion to reopen, the Second Circuit has placed particular emphasis on whether the moving party was at fault for his or her failure to file an appeal within the required time. *Avolio v. Cty. of Suffolk*, 29 F.3d 50, 52 (2d Cir. 1994) ("[A] party [is] obligated to find out when the judgment [is] entered"); *see also Zavalidroga*, 588 F. App'x at 62 ("When the moving party is to blame for his failure to receive notice of the judgment or order sought to be appealed, it is within the court's discretion to deny the motion."); *In re WorldCom*, 708 F.3d at 336, 340 ("There is nothing in the history of the rules . . . to suggest that the drafters sought to provide relief when the fault lies with the litigants themselves.").

The Second Circuit has regularly found that a district court acts within its discretion when it denies a motion to reopen, despite the litigant meeting the rules of 4(a)(6), where the party fails

5

to notify the clerk of his change of address. *In re WorldCom*, 708 F.3d at 336–37.[3] This is true even when the plaintiff is appearing *pro se* and would be entitled to more leeway in his or her submissions. *See, e.g.*, *Zavalidroga*, 558 F. App'x at 62 (finding that the district court acted within its discretion to deny a motion to reopen filed by a *pro se* litigant because "[e]ven when afforded 'special solitude' as a pro se litigant, [the plaintiff] presents no convincing justification for his failure to properly notify the District Court of his myriad address changes" (citation omitted)).

## PLAINTIFF'S MOTION TO REOPEN THE TIME TO APPEAL IS DENIED

As an initial matter, this Court construes Plaintiff's Motion as a motion to reopen the time to appeal. Rule 4(a)(6) was created for the purpose of allowing "district courts to ease strict sanctions . . . imposed on appellants whose notices of appeal are filed late because of their failure to receive notice of entry." *Diallo v. United States*, Nos. 13 Civ. 6147 (LAK), S3 11 Crim. 59 (LAK), 2014 WL 1744177, at *2 (S.D.N.Y. Apr. 28, 2014) (alteration in original) (quoting *Avolio*, 29 F.3d at 53). Courts in this district have consistently construed motions requesting extensions of time or certificates of appealability as motions to reopen the time to appeal (*see, e.g.*, *Abad v. United States*, Nos. 9 Civ. 8985 (GBD), 1 Crim. 831 (GBD), 2019 WL 1245161, at *1–2 (S.D.N.Y. Feb. 26, 2019) (construing a motion for certificate of appealability as a motion to reopen); *Diallo*,

---

[3] In an analogous context, where a party moves to dismiss a case for plaintiff's failure to prosecute, the Second Circuit has given little leeway in situations where it was a party's own fault for not receiving notice. *See, e.g.*, Order, *Lashley v. Hall*, No. 18 Civ. 4703 (JPO), ECF No. 14, at 2–3 (S.D.N.Y. Oct. 5, 2018) (dismissing a case for failure to prosecute when *pro se* plaintiff demonstrated an "apparent lack of interest in pursuing th[e] lawsuit" and an "intent to abandon th[e] action" by failing to provide a current mailing address); *Robinson v. United States*, No. 3 Civ. 1001 (SCR), 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice."); *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (dismissing an action for failure to prosecute when there was no action taken in two years the plaintiff did not provide a current address so "any attempt to further warn plaintiffs of their responsibilities . . . would be futile"). As the *Lukensow* court noted, "Nothing prevent[s] [a party] from leaving a forwarding address or otherwise staying in contact with the Court." *Id.*

2014 WL 1744177, at *1 (construing a motion for an extension of time as a motion to reopen); *United States v. Erskine*, Nos. 11 Civ. 3797 (DC), 9 Civ. 2538 (DC), 5 Cr. 1234 (DC), 2014 WL 12862427, at *1 (S.D.N.Y. Apr. 24, 2014) (construing a motion to file a delayed notice of appeal as a motion to reopen)). Considering the policy behind the initial drafting of the rule, as outlined in *Diallo*, Plaintiff's Motion may be construed as a motion to reopen.

It must next be determined whether the conditions of Rule 4(a)(6) are satisfied. This Court finds that they are. First, Petitioner did not receive notice of the March 2018 Judgment within 21 days of its entry. Although the docket reflects that the March 2018 Judgment was mailed to Plaintiff on March 20, 2018, the type of notice required under this rule is "actual receipt," as opposed to simply proper and effective service. *In re WorldCom*, 708 F.3d at 334–35. Plaintiff indicated in his motion that he is homeless and does not check his mail often. While this Court is unable to confirm whether Plaintiff had checked his mail, that is, whether he had in fact "receive[d] notice," prior to the 21-day cutoff, this Court "liberally construe[s] [plaintiff's] pro se submissions as raising the strongest arguments they suggest," *Kelly v. New York Civil Serv. Com'n*, 632 F. App'x 17, 18 (2d Cir. 2016) (summary order), and therefore interprets the text of Plaintiff's Motion to mean that he had checked his mail for the first time after April 9, 2018 (21 days after the court entered the Judgment). Second, while this Court cannot confirm whether Plaintiff's Motion requesting an extension of the time to file an appeal was sent within 14 days of the date that he received a copy of the March 2018 Judgment, this Court once again liberally construes Plaintiff's Motion to mean that he checked his mail for the first time, thereby "receiv[ing] notice" of the Judgment, within the 14 days preceding July 10, 2018, the date on which he filed his motion. Third, this Court finds that no party would be prejudiced by the grant of an extension of time to

appeal.[4] Courts in this district have consistently relied on the Advisory Committee notes to Rule 4(a)(6)[5] to support the finding that so long as the motion is filed within the stated time frame of Rule 4(a)(6), the "passage of time [cannot] constitue[] prejudice within the meaning of the Rule." *Tusino v. Int'l Bhd. of Teamsters*, No. 96 Civ. 2774 (LAP), 2004 WL 2827643, at \*2 (S.D.N.Y. Dec. 9, 2004); *see also, e.g.*, *King v. Fox*, No. 97 Civ. 4134 (RWS) (JCF), 2000 WL 1876904, at \*2 (S.D.N.Y. Dec. 22, 2000) (finding that there was no prejudice when the respondent faces only the normal risks and costs of opposing an appeal); *Cordon v. Greiner*, 274 F. Supp. 2d 434, 441 (S.D.N.Y. 2003) (relying on the Advisory Committee notes in finding that there was no prejudice in granting a motion to reopen). Moreover, it bears mentioning that the Defendant here has not raised any suggestion that it will be prejudiced if the motion is granted. Although this fact alone is not dispositive, some courts in the Southern District have relied on this fact in finding that there was no prejudice under Rule 4(a)(6). *See, e.g.*, *Rodriguez v. City of New York*, No. 97 Civ. 217 (MGC), 1999 WL 314175, at \*1 (S.D.N.Y. May 8, 1999). Because this Court liberally construes Plaintiff's motion and the timing referenced therein, Petitioner qualifies for Rule 4(a)(6) relief. *See Cordon*, 274 F. Supp. at 443 (finding that petitioner "qualifie[d] for Rule 4(a)(6) relief" where he "did not receive . . . notice" of a judgment within twenty-one days of entry, he timely

---

[4] This Court recognizes that in contexts other than reviewing motions to reopen, courts in this district have found that an extreme delay by the moving party, such as the delay by Plaintiff in the present case, would demonstrate prejudice to the non-moving party. *See, e.g.*, *Caminero v. Metro. Transp. Auth.*, No. 3 Civ. 4187 (GBD) (DCF), 2019 WL 3526554, at \*2 (S.D.N.Y. Aug. 2, 2019) ("Any significant delay in prosecution, even a 'delay of a matter of months,' can prejudice the defendant and can warrant dismissal.") (quoting *Atuegwu v. United States*, No. 18 Civ. 1518 (PAE), 2019 WL 2023720, at \*2 (S.D.N.Y. May 8, 2019)). However, as this Court notes above, courts apply a different analysis when determining whether to grant a motion to reopen.

[5] The Advisory Committee notes define "Prejudice" as "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." Fed. R. App. P. 4(a)(6) advisory committee's note to 1991 amendment.

filed "documents . . . construe[d] as a Rule 4(a)(6) motion" upon receipt of such notice, and the state "would not be prejudiced if [the court] reopened the [p]etitioner's time to file an appeal").

Although Plaintiff meets each of the requirements of Rule 4(a)(6), this is not the end of the inquiry; this Court still has discretion to determine whether to grant Plaintiff's Motion in light of extraneous factors not mentioned in the Rule, including whether Plaintiff was at fault in his delay to file an appeal. *See Zavalidroga*, 558 F. App'x at 62. In the instant case, presenting similar issues to those in *In re WorldCom*, Plaintiff's failure to receive notice was due entirely to his own fault. Like in that case, Plaintiff failed to update his contact information to include an address at which he would be able to regularly check and receive his mail. *See* 708 F.3d at 339–40. Prior to the date of Plaintiff's Motion, this Court had no knowledge, or way of confirming, that he was unable to receive mail at the address that he provided. Notably, even in Plaintiff's Motion, Plaintiff listed the same original address that he had continuously listed previously, and did not provide the Court with an alternative way to apprise him of the status of his case. The fact that Plaintiff is homeless does not excuse him from the fact that "litigants at all times have an obligation to monitor the docket sheet to inform themselves of the entry of orders they wish to appeal." *Weiming Chen*, 2014 WL 171172, at \*2 (S.D.N.Y. Jan. 10, 2014) (quoting *In re WorldCom*, 708 F.3d at 341). If Plaintiff wished to bring a claim against Defendant, he had a duty to find a way to keep himself notified.

Moreover, it was not just a single instance that Plaintiff failed to participate in this case. Plaintiff's failure to appeal the Judgment follows a long series of activity on the docket, to which Plaintiff could have responded but did not, spanning over one year. First, Plaintiff failed to oppose Defendant's motion for judgment on the pleadings, despite Magistrate Judge Moses's *sua sponte* Order granting Plaintiff an extension. Second, Plaintiff failed to object to Magistrate Judge

Moses's Report, despite the clear language in the Report clearly detailing when any and all objections were due, and that failure to file timely objections would preclude any appellate review. Third, Plaintiff has never articulated any error in this Court's March 2018 Order. Each of the deadlines for opposition and objection have lapsed. There is no basis on which Plaintiff could successfully appeal, as any arguments he wishes to raise now would be deemed waived. *See, 2006 Frank Calandra, Jr. Irrevocable Tr. v. Signature Bank Corp.*, 503 F. App'x 51, 53 (2d Cir. 2012) ("Claims not adequately raised below are generally deemed waived on appeal."); *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (alterations in original) (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994)).

Finally, because Plaintiff continues to use the same address as he used throughout this entire litigation, without any alternative information or explanation as to how he plans to receive his mail more regularly, the only possible outcome in granting Plaintiff's Motion would be further delaying the eventual termination of this case. For the foregoing reasons, and as is consistent with prior Second Circuit precedent, this Court finds that Plaintiff's Motion should be denied.

## CONCLUSION

This Court construes Plaintiff's Motion (ECF No. 25) as a motion to reopen. Plaintiff's Motion to reopen the time to appeal, (ECF No. 25), is DENIED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
November 21, 2019

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

10